# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TERRY ERIC JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV412-258 |
| ) | |
| MICHAEL L. KARPF and ROBERT ) | |
| W. ATTRIDGE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the Court is Terry Eric Johnson's civil rights complaint. (Doc. 1.) He seeks damages for fifteen years and ten months of false imprisonment. (*Id.* at 3-4.) He also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) Because he has no job or resources of any kind, his IFP motion is **GRANTED**. His complaint, however, should be dismissed.[1]

While he does not offer any basis for the Court's jurisdiction, he could, presumably, proceed under 42 U.S.C. § 1983,[2] but his claim for

---

[1] The Court will now screen his case under 28 U.S.C. § 1915e(2)(B), which allows a district court to dismiss *sua sponte* a claim of a plaintiff proceeding IFP for, among other things, failure to state a claim for relief.

false imprisonment is untimely by many years. The statute of limitations clock ticks for false arrest and false imprisonment claims "where the arrest is followed by criminal proceedings, [and] begins when the claimant is detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). Johnson was convicted in 1996. Any false imprisonment claim stemming from that conviction would be barred since it was filed well outside of the two-year limitations period applicable to § 1983 actions brought in Georgia. *E.g.*, *Mullinax v. McElhenney*, 817 F.2d 711, 71516 n.2 (11th Cir. 1987); *Walker v. United States*, 196 F. App'x 774, 776 (11th Cir. 2006) (same); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). Dismissal is thus warranted. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

---

[2] The failure to offer a basis for subject matter jurisdiction actually requires dismissal under Fed. R. Civ. P. 12(h)(3), but the Court will proceed as if he invoked 42 U.S.C. § 1983 simply to show that even had he properly identified a jurisdictional basis, his claim still fails.

Any attempt to correct this deficiency by filing a claim for malicious prosecution would likewise be unavailing. An element of the tort of malicious prosecution is the termination of the criminal proceedings in plaintiff's favor. *Wallace*, 549 U.S. at 392, *quoting Heck v. Humphrey*, 512 U.S. 477, 484 (1994). That is, "a § 1983 action seeking damages for unconstitutional conviction or confinement [pursuant to legal process] cannot be pursued unless the underlying criminal case has been dismissed or reversed in favor of the criminal defendant." *Hust v. Wyoming*, 372 F. App'x 708, 710 (9th Cir. 2010) (emphasis added). Plaintiff has not shown that the proceedings have terminated in his favor. Hence, his claim has yet to accrue and is thus not cognizable under § 1983. *Id.* at 710 n.1 (distinguishing false arrest or imprisonment claims); *see Heck*, 512 U.S. at 486-87; *Rogers v. Adams*, 103 F. App'x 63, 64 (8th Cir. 2004) (applying *Heck*); *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (same).

Finally, plaintiff cannot sue these defendants for damages under § 1983. Judge Karpf is absolutely immune from any damages claims. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute judicial immunity provides immunity from suit itself, not merely from the ultimate

assessment of damages). And Attridge is a public defender, thus not a state actor within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Hence, Johnson cannot state a claim for relief under § 1983 against Attridge.

Accordingly, plaintiff's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x. 425, 426-427 (11th Cir. 2010) (pro se IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

**SO REPORTED AND RECOMMENDED** this __24th__ day of October, 2012.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA